## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:14-CR-149 |
| vs. | : | |
| XIAFEN CHEN, | : | Judge Thomas M. Rose |
| Defendant. | : | |

_____

### DEFENDANT, XIAFEN CHEN'S DISCOVERY REQUEST
_____

Defendant, Xiafen Chen, through undersigned counsel, requests that the Government produce and provide her with the below-listed discoverable material:

1. Any and all written and recorded statements Ms. Chen made to government agents, which are within the government's possession, custody, or control - the existence of which is known, or may become known by the exercise of due diligence; the substance of any oral statement Ms. Chen made in response to interrogation by any government agent, whether before or after arrest, and which the Government intends to offer into evidence at the trial; and, any recorded testimony Ms. Chen provided before a grand jury and which relates to each charged offense.

1-A. Any and all written, recorded, and oral statements Ms. Chen made to third parties, other than government agents, which is within the government's possession, custody, or control, or which may become known to government's counsel with the exercise of due diligence.

1-B. The above requests for Ms. Chen's statements include all **recorded** and/ or **monitored** statements that the government obtained via electronic and/or recording devices,

including but not limited to the following methods: telephone wiretapping pursuant to state or federal court authorization; telephone wiretapping done without court approval; wired informant(s), and/or law enforcement officer(s), and/or agents of law enforcement officer(s); surreptitious monitoring and/or recording by electronic equipment wherever utilized.

2. Any written, recorded, or oral statements made by co-defendants or co-conspirators to law enforcement officers and/or third parties which are within the government's possession, custody, or control; the existence of which is known, or may become known by government counsel's exercise of due diligence.

3. A copy of the Ms. Chen's prior criminal record, if any, within the government's possession, custody, or control; the existence of which is known, or may become known by government counsel's exercise of due diligence.

4. All books, papers, documents, photographs, tangible objects, buildings, or places, or copies or portion thereof, for Ms. Chen's inspection and copying, which are within the government's possession, custody or control, and which are material to Ms. Chen's defense, or which the government intends to use as evidence in their case-in-chief at trial, or which were obtained from or belong to the Defendant.

4-A. Specifically, Ms. Chen requests copies of the following items:

i) All email correspondence from or to the following individuals relative to NWS policies and procedures, especially those pertaining to Ms. Chen's employment with the National Weather Service ("NWS").  Such correspondence should include, but not be limited to, those referencing NWS & U.S. Army Corps of Engineers ("COE") computer use and web site access policies, emails referencing Ms. Chen's access to various web-sites, including the National Inventory of Dams ("NID") database and any other databases maintained, created and/or managed by the U.S. Army Corps of Engineers or other agencies:

        Xiafen Chen

        Debby Lee

        Ray Davis

        Gary Brunner

        Jim Noel

        Trent Schade

        Scott Young

        Joe Hymes

        Thomas Adams;

ii) **Original** copies of all emails provided to date, displaying headers, dates and recipient information generally contained within such documents;

iii) Copies of any computer hard drives that the government and/or agents analyzed;

iv) All NID/NCD training provided Ms. Chen since the inception of her employment with the NWS;

v) All policy and procedure manuals, including updates, provided to Ms. Chen since the inception of her employment with NWS, including any and all directives and policies regarding information and data sharing with individuals and/or agencies unrelated to the NWS, and including any description of Ms. Chen's position and duties, clearances and access restrictions provided to Ms. Chen at any time during her employment with the NWS;

vi) "Dam Break Binder" and "Coffee Book" maintained by NWS, and photographs depicting the area in which these books are stored or maintained.  Information should include a copy of the "Dam Break Binder" page showing all COE and/or NID passwords and log in

information recorded therein;

vii) Attachments associated with the June 17, 2014 email from Rebecca Ragon, provided at No. 15 in the government's October 28, 2014 discovery letter;

viii) Log-on/access information from NID database website, detailing dates, times and IP addresses of each user accessing or logging-on to such database;

ix) Information regarding the date and time "Ray Davis" account created, and an accounting of all dates and times this account accessed the NID database;

x) General policies/procedures regarding NWS and COE computer access, including any security protocols, and any and all NWS and COE documents generated as a result of the facts surrounding the allegations contained in the indictment herein;

(xi) Replicas/copies of Ms. Chen's computer workstation hard drives utilized January 2012 to present;

4-B. Pursuant to Rule 16(a)(1)(c), any written or recorded statements made by any co-defendants or co-conspirators (charged or uncharged), or written summaries of any oral statements by co-defendants or co-conspirators, which are within the government's possession, custody or control and which are material to the preparation of Ms. Chen's defense.

5. Results or reports of any physical or mental examinations, and of any scientific tests or experiments performed, or copies thereof, which are within the government's possession, custody or control; the existence of which is known, or may become known by the government's exercise of due diligence, and which are material to Ms. Chen's defense or which the government intends to use as evidence in its case-in-chief at trial. The Reports or Results should include a written description of the testing methods used, and should encompass examinations and scientific tests pertaining to the following enumerated matters:

5-A. Polygraph examinations of potential government witnesses, including, the date, time, place and identity of the person examined and the examiner, along with the results thereof.

5-B. The existence of latent fingerprints, procedures utilized in obtaining latent lifts, and conclusions reached concerning identity of individuals based upon this investigation.

5-C. Testing used to determine the identity, quantity and quality of any suspected or alleged contraband substance, including drugs or narcotics, scheduled or unscheduled.

5-D. Results and procedures utilized in any handwriting, voice, hair or fingernail comparisons.

5-E. Computer forensic examinations of any and all hard drives related to the instant matter.

5-F. Valuation calculations associated with counts 1 and 2 of the indictment.

6. A written summary of any expert witness' testimony describing the witness' qualifications, opinions, and the bases and reasons for same. The summary should include any written or oral reports, tests, investigations and opinions of other experts relied upon.

7. Any and all evidence known or which may become known to the government, which is favorable to Ms. Chen and material to either guilt or punishment.

In light of the particularity requirement of *United States v. Agurs*, 427 U.S. 97 (1976), Ms. Chen's specific requests for favorable information include impeachment matters affecting government witnesses, and includes, but is not limited to the following:

7-A. Prior felony and misdemeanor convictions and/or juvenile adjudications for all potential government witnesses.

7-B. Specific incidents of misconduct, "bad acts," by all potential government witnesses, whether or not such conduct resulted in a criminal conviction.

7-C. Disclosure of any and all consideration the government has held out to a witness to encourage that witness' cooperation. This request includes, but is not limited to: grants or promises of immunity; confirmed or tentative plea bargaining; monetary compensation; assistance in avoiding prosecution in other jurisdictions; omission from being named in an indictment or as an unindicted co-conspirator; and, any other consideration, regardless of the nature, granted or promised, which contemplates lenience or preferential treatment in exchange for cooperation with the government.

7-D. The existence of any pending criminal charges (felony, misdemeanor or juvenile), as well as any parole or probation status of any and all potential government witnesses.

7-E. Any line-up or show-up procedures or photographic arrays conducted, including the time, date, place, and all participants to these proceedings, as well as the particular law enforcement agency conducting same and the results of same.

7-F. Government witness statements, or summaries of statements law enforcement agents obtained from individuals whom the government does not intend to call as witnesses, which reference Ms. Chen's lack of involvement in the alleged offenses.

7-G. The psychiatric background of all potential government witnesses.

7-H. Any and all information tending to or likely to lead to information which would impeach the competency, capacity, or opportunity to observe, remember, recall or narrate of any potential government witness.

7-I. Any and all information likely to lead to information tending to impeach the character of any potential government witness, based on veracity, partiality, prejudice, bias,

motive, interest or corruption.

7-J. Ms. Chen requests that the Court order all potential government witnesses to maintain notes from interviews conducted during the course of this investigation in order to determine whether exculpatory material exists, that may be subject to production pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).

8. Names and statements of all potential government witnesses, whether or not the government intends to call them at trial.

9. Names of informants (including but not limited to confidential informants) who participated with law enforcement agencies during the investigation of this case.

10. Pre-trial production and disclosure of Jencks Act material.

10-A. Ms. Chen also requests that law enforcement officers be required to preserve all witness statements that can reasonably fall within the ambit of Jencks Act material as set forth in Title 18 U.S.C. §3500.

10-B. Ms. Chen further requests that all potential government witnesses, including law enforcement officers, preserve as potential Jencks Act material, all notes taken during interviews with potential government witnesses.

11. A detailed inventory of all items which law enforcement officers or their agents seized, from Ms. Chen's possession or control, from any area in which Ms. Chen exercised possession and/or control, or from a place where Ms. Chen had a reasonable and legitimate expectation of privacy, which were seized with or without Ms. Chen's consent or knowledge, or pursuant to any search warrant or incident to Ms. Chen's arrest.

The foregoing request is based upon Rule 16 of the Federal Rules of Criminal Procedure, as well as the Fifth and Sixth Amendments to the United States Constitution.

Respectfully submitted,

s/Cheryll A. Bennett
Cheryll A. Bennett (0063671)
Office of the Federal Public Defender
1 South Main Street, Suite 490
Dayton, OH 45402
937-225-7687
Cheryll_Bennett@fd.org

Attorney for Defendant
Xiafen Chen

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically served upon Dwight Keller, Assistant United States Attorney, on the date of filing hereon.

s/Cheryll A. Bennett
Cheryll A. Bennett