# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:14-CR-149 |
| | ) | |
| XIAFEN CHEN, | ) | Judge Thomas M. Rose |
| aka "Sherry Chen" | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS THE INDICTMENT

Defendant Xiafen "Sherry" Chen, by and through her counsel, Peter R. Zeidenberg, respectfully brings this Motion seeking an order for the Dismissal of the pending indictment because of vagueness.  Simply put, the complete lack of any detail in the indictment makes it impossible for the defendant to prepare a defense to these charges.  The grounds for this Motion are set forth in the attached Memorandum in Support.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plantiff, | ) | |
| v. | ) | Case No. 3:14-CR-149 |
| | ) | |
| XIAFEN CHEN,, | ) | Judge Thomas M. Rose |
| aka "Sherry Chen." | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS INDICTMENT**

BACKGROUND

Sherry Chen is a 59 year-old woman who has worked for the National Oceanic and Atmospheric Administration ("NOAA") as a hydrologist for the past seven years. Ms. Chen has a Master's Degree in Engineering Hydrology from a university in Beijing, China as well as a Master's Degree in Agriculture Meteorology from the University of Nebraska. Prior to working for NOAA, Ms. Chen worked as a hydrologist for the State of Missouri for 11 years.

While at NOAA, Ms. Chen was responsible for helping to create computer models designed to provide river forecasts for the Ohio River Basin. To do this, Ms. Chen would review and consider data from a wide-range of sources, including data maintained in the National Inventory of Dams ("NID") database. This database, which is maintained by the Army Corps of Engineers ("ACE"), contains, *inter alia*, data regarding all dams located in the Ohio River Basin. Consequently, Ms. Chen would, as part of her official duties as a hydrologist for the NOAA, periodically access and review the data on the NID website.[1]

---

[1] It is important to note that the NID website contains no classified information. Its data is available to the public. Anyone who wishes to access the website can do so by simply requesting

Count One of the Indictment alleges that "[b]etween on or about May 10, 2012 and May 24, 2012," Ms. Chen stole "certain sensitive, restricted and proprietary computerized fields of data involving critical national infrastructure contained in the National Inventory of Dams database maintained by the United States Army Corps of Engineers" in violation of 18 U.S.C. §641.

Count Two of the Indictment alleges that "[b]etween on or about May 10, 2012 and May 15, 2012," Ms. Chen "intentionally exceeded authorized access to a protected U.S. Government computer database, namely the National Inventory of Dams database maintained by the United States Army Corps of Engineers . . . and thereby obtained sensitive, restricted, and proprietary fields of data concerning critical national dam infrastructures" in violation of 18 USC §1030(a)(2).

Counts Three and Four of the Indictment allege that on June 11, 2013, Ms. Chen made false statements when she told government investigators that "she never, without proper authority, logged onto the restricted area of the National Inventory of Dams database to access sensitive, restricted and proprietary fields of data," and that "she never, without proper authority, downloaded sensitive, restricted and proprietary fields of data concerning critical national dam infrastructures."

**ARGUMENT**

The first requirement of the constitutional right to a fair trial is notice of the charges against which the accused must defend. *See Russell v. United States*, 369 U.S. 749, 760-61 (1962) (right to notice is rooted in the Sixth Amendment's Notice Clause, Fifth Amendment's Due Process Clause, and Fifth Amendment's Grand Jury Clause); *see also Bousley v. United*

---

a password from the NID, which is sent within minutes of the request being made.  No background check or particular rationale for seeking access to the website is required.

3

*States*, 523 U.S. 614, 618 (1998) (notice of the true nature of the charge is the first requirement of due process).  In addition to alleging the elements of the charged offenses, the Indictment must state the facts with sufficient particularity to "apprise[] the defendant of what he must be prepared to meet" at trial.  *Russell*, 369 U.S. at 763 (citation omitted)(internal punctuation marks omitted); *see also United States v. Hess*, 124 U.S. 483, 487-88 (1888) ("A crime is made up of acts and intent; and these must be set forth in the indictment with reasonable particularity of time, place and circumstances.").  If such notice is not fixed in the charging document, the government is left free to shift its theory of prosecution even up through the trial, depending on the vagaries of proof.  The defendant, required "to go to trial with the chief issue undefined," is hampered in his ability to prepare his defense, and is vulnerable to unfair surprise at trial.  *Russell*, 369 U.S. at 766.

An indictment passes constitutional muster if it "'contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)); *see also United States v. Anderson*, 280 F.3d 1121, 1124 (7thCir. 2002) (constitutional mandates establish three minimum requirements for an indictment.  First, it must adequately state all of the elements of the crime charged; second, it must inform the defendant of the nature of the charges so that he may prepare a defense; and finally, the indictment must allow the defendant to plead the judgment as a bar to any future prosecution for the same offense.(citations omitted)).

All four counts of the Indictment must be dismissed because they are so vague and lacking in any necessary details that they fail to satisfy these basic and minimal requirements.

4

As drafted, the Indictment fails to "fairly inform [Ms. Chen] of the charge[s] against which [she] must defend," and fails to provide Ms. Chen with any protection against a subsequent prosecution in the event of an acquittal or conviction. *Hamling*, 418 U.S. at 117. Specifically, Counts One and Two fail to identify in any fashion whatsoever what "sensitive, restricted and proprietary computerized fields of data" Ms. Chen allegedly accessed and stole from the NID database. As noted above, Ms. Chen was required to periodically access proprietary computerized databases in order to carry out her job responsibilities. By failing to specify *what*, precisely, Ms. Chen is alleged to have improperly downloaded and stolen, *how* she allegedly committed the offense, or precisely *when* she committed the offense, it is impossible for Ms. Chen to prepare a defense. Nor would it be possible for Ms. Chen "to plead the judgment [from a trial on this indictment] as a bar to any future prosecution for the same offense." *Anderson,* 280 F.3d at 1124.

Counts Three and Four must be dismissed because they fail to allege an element of the offense charged. In both Counts, the government has failed to allege that Ms. Chen's alleged statements to the government were "material." This failure requires that the Indictment be dismissed.

### A. The Indictment Fails to Identify *What* Was Downloaded and Stolen

Counts One and Two fail to identify what it was that Ms. Chen allegedly accessed and stole. The indictment merely states that Ms. Chen improperly accessed and stole "certain sensitive, restricted and proprietary computerized fields of data involving critical national infrastructure contained in the National Inventory of Dams database." Given that the entire NID database arguably contains data "involving critical national infrastructure," the description provided is the equivalent of saying that a defendant broke into a department store and stole

5

"merchandise" or "things of value." Such a vague description fails to adequately apprise Ms. Chen of what the government alleges that she accessed and stole, and makes it impossible to adequately prepare a defense or defend against a subsequent trial based on the same set of facts. Without knowing what, precisely, Ms. Chen is alleged to have improperly accessed and downloaded, it is impossible for Ms. Chen to explain why the particular document was needed for her work.

This failure to identify with particularity the property accessed and stolen is fatal to Counts One and Two. *See United States v. Ambrose*, No. 07 CR 18, 2007 WL 2198776, at *1 (N.D. Ill. July 30, 2007) (We do not see how Count One, failing to specify the property the defendant is alleged to have converted and conveyed, informs the defendant of 'the nature of the charges so that he may prepare a defense,' or provides a protection against double jeopardy. It simply does not 'pin[ ] down the specific conduct at issue.' At trial, the government could offer proof of the conversion of *any* kind of Department of Justice property, and it would be covered by Count One.") (Citations omitted.).

The rationale of *Ambrose* applies with equal force to the instant case: because the government has failed to identify which "computerized data fields" Ms. Chen accessed and stole, she is unable to prepare a defense and has no protection against a subsequent prosecution on the same facts.

### B. Counts One and Two of the Indictment Fail to Identify *How* the Crime Was Committed

In order to adequately prepare a defense, a defendant must be apprised of some basic facts regarding *how* the alleged crime was committed. *United States v. Allen*, No. 3:12-CR-90-TAV-HBG, 2014 WL 3368605, at *10 (E.D. Tenn. July 9, 2014) (It is well-settled that an indictment must contain facts, not just legal conclusions: 'A crime is made up of acts and intent;

6

and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances.'" *United States v. Cruikshank,* 92 U.S. 542, 558 (1875). The allegations in the indictment, alone, must permit the court to determine whether 'the acts charged will – if proved – support a conviction for the offense alleged.' *Id.* at 559.").

The instant indictment is devoid of any such facts. Ms. Chen is left completely in the dark as to how the government contends she accessed and stole the "restricted and proprietary computerized fields of data." This failure to allege how the offense was committed makes it impossible for Ms. Chen to prepare her defense because the defense does not know how it is that the government will contend that Ms. Chen committed these offenses. The defense is left to guess if the government will contend that Ms. Chen hacked into the government data base using her home computer; or that she perhaps used, without permission, a computer belonging to a coworker; if she stole and used a password belonging to a supervisor; or if she tricked a coworker into giving her access to the database. The indictment is utterly devoid of a single detail as to *how* this offense was committed. Without these facts, it is not only impossible for Ms. Chen to adequately prepare a defense, but Ms. Chen would face the double jeopardy threat prohibited by *United States v. Landham.* Absolutely nothing would bar the government, in the event of an acquittal, from bringing a new charge based on these same facts, but this time merely alleging an alternative theory of how the offense occurred.

The government must be required to provide Ms. Chen with adequate notice of *how* it contends that this offense was committed. Simply saying that Ms. Chen violated the statute – which is, at bottom, all this indictment says – is not adequate.

7

### C. The Indictment Fails to Adequately Identify *When* the Crime Was Committed

Counts One and Two must also be dismissed because they fail to adequately provide Ms. Chen with the required notice of *when* the alleged offenses occurred. Count One alleges that the alleged theft of property occurred sometime during the two week period "[b]etween on or about May 10, 2012 and May 24, 2012," while Count Two is alleged to have occurred sometime "[b]etween on or about May 10, 2012 and May 15, 2012." Yet neither Count describes continuing offenses. This is not a fraud or a conspiracy case that took place over a series of days or weeks. Presumably, the alleged improper accessing and theft occurred on a single, identifiable date. Ms. Chen should not be placed in the position of having to guess which day, during that two-week period, the offense actually occurred. "It is well-settled that an indictment must contain facts, not just legal conclusions. . . . and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances." *See United States v. Allen*, No. 3:12-CR-90-TAV-HBG, 2014 WL 3368605, at *10 (E.D. Tenn. July 9, 2014) (quoting *United States v. Cruikshank,* 92 U.S. 542, 558 (1875)). Because of the nature of the allegations in this case and the information that is clearly in the possession of the government, a range of dates does not provide the required "reasonable particularity" with regard to the time of the alleged conduct.

From the little that can be gleaned from the indictment, it appears that the government will contend that Ms. Chen improperly accessed and stole "certain sensitive, restricted and proprietary computerized fields of data." The government has seized and analyzed Ms. Chen's work computer, with which this alleged offense was presumably committed. There is simply no reason for the government not to specify *when* these offenses allegedly occurred. Simply laying out a two-week time frame (Count One) or a five day time-frame (Count Two) is not adequate notice. In order to prepare her defense, Ms. Chen will need to be able to reconstruct and

8

recollect what she was working on the day the offense allegedly occurred, so that the jury can understand why she accessed the data fields at issue. It simply is not possible – nor should it be necessary – for Ms. Chen to recreate her thought processes and rationales for every moment of a two-week period, when the government presumably knows the precise date and time that this alleged offense occurred.[2]

### D. Counts Three and Four Fail to Allege What Was False About Ms. Chen's Statement and Fail to Allege All of the Elements of the Offense Charged

Counts Three and Four must also be dismissed because they fail to give the required notice regarding what, precisely, Ms. Chen allegedly stated that was false.

Count Three states, in its entirety, that:

On or about June 11, 2013, while in the Southern District of Ohio, in a matter within the jurisdiction of the Department of Commerce, an agency of the United States, the defendant, Xiafen Chen, did knowingly and willfully make a false representation, to wit: that she never, without proper authority, logged onto the restricted area of the National Inventory of Dams database to access sensitive, restricted and proprietary fields of data concerning critical national dam infrastructures.

In violation of Title 18 United States Code, Section 1001.

Count Four states, in its entirety, that

On or about June 11, 2013, while in the Southern District of Ohio, in a matter within the jurisdiction of the Department of Commerce, an agency of the United States, the defendant, Xiafen Chen, did knowingly and willfully make a false representation, to wit: that she never, without proper authority, downloaded sensitive, restricted and proprietary fields of data concerning critical national dam infrastructures from the restricted area of the National Inventory of Dams database.

In violation of Title 18 United States Code, Section 1001.

---

[2] If this is not the case, and the accessing and downloading of documents was part of an ongoing, weeks-long scheme, then, of course, those facts must be laid out clearly in the indictment.

The Indictment does not allege what, precisely, Ms. Chen said that was false.[3]  Ms. Chen is left to guess whether the government will contend that her statement that she had permission to download and access material from the database was false, or, alternatively, whether her initial denial to government agents that she ever accessed or downloaded any NID materials was false.[4]  This puts Ms. Chen in an untenable and fundamentally unfair position.  "The basic Constitutional standard by which to judge the sufficiency of an indictment is mandated by the Sixth Amendment which requires that the indictment inform the defendant of the 'nature and cause of the accusation."  *United States v. Piccolo*, 723 F.2d 1234, 1238 (6th Cir. 1983) (en banc), *cert. denied*, 466 U.S. 970 (1984).  An indictment must "sufficiently apprise[] the defendant of what he must be prepared to meet" at trial.  *United States v. Gray*, 790 F.2d 1290, 1296-97 (6th Cir. 1986) *rev'd on other grounds*, 483 U.S. 350 (1987), citing *Russell v. United States,* 369 U.S. at 763-64.  By failing to specify what, precisely, it is contending that Ms. Chen said was false, the government falls short of the notice requirement set forth in *Russell* and its progeny.

In addition, Counts Three and Four fail to adequately state all of the elements of the offense charged.  *United States v. Landham*, 251 F.3d 1072 at 1079  (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)) (explaining that an indictment is only constitutionally adequate if it "contains the elements of the offense charged").As pleaded, both Counts Three and Four fail

---

[3] Nor does the indictment identify to whom the statement was made.

[4] Ms. Chen's interview was conducted by government agents who showed up unexpectedly at Ms. Chen's place of work.  Ms. Chen did not have counsel present – agents told her, in response to her inquiry that an attorney was not necessary – and the interview pertained to events that occurred more than a year earlier.  Ms. Chen had no opportunity to review her emails prior to being interviewed.  Ms. Chen initially did not recall accessing or  downloading the NID materials the agents inquired about.  Later, during the course of the 7 hour-long interview, Ms. Chen's memory was refreshed by the agents and she recalled accessing and downloading the information but made clear that it was done with the proper authority.  At the end of the interview, Ms. Chen wrote a statement making clear that she did access and download NID materials, but had permission to do so.

to allege that Ms. Chen's statements were "material." Materiality is an essential element of the offense of false statements. *See* Sixth Circuit Pattern Jury Instructions 13.02, 18 U.S.C. § 1001 (listing materiality as the third element of the offense); *U.S. v. Steele,* 933 F.2d 1313 (6th Cir. 1991) ("five elements comprise the section 1001 offense: (1) the defendant made a statement; 2) the statement is false of fraudulent; 3) the statement is material; 4) the defendant made the statement knowingly and willfully; and 5) the statement pertained to an activity within the jurisdiction of a federal agency.") (citations omitted); *U.S. v. Gatewood*, 173 F.3d 983, 986 (6th Cir. 1999) (same).

The government's failure to allege that Ms. Chen's statements were "material" is fatal.[5] *See U.S. v. McCafferty*, 482 F..App'x 117, 124 (6th Cir. 2012) (defendant's motion to dismiss false statements indictment because of government's failure to contrast the alleged false statement with the objective truth denied, because indictment "clearly state[s] that the defendant made *material* false statements and that she did so 'knowingly and willfully.'" (citations omitted) ( emphasis added). "An indictment must 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth *all* the elements necessary to constitute the offense intended to be punished.'" *Gatewood,*173 F.3d at 987, quoting *Hamling v. United States,* 418 U.S. 87, 117 (1974) (emphasis added). A criminal indictment is constitutionally inadequate unless it

---

[5] The prosecution of Ms. Chen for false statements in this case also runs directly afoul of Department of Justice policy. The United States Attorney's Manual states that "[i]t is the Department's policy not to charge a Section 1001 violation in situations in which a suspect, during an investigation, merely denies guilt in response to questioning by the government." USAM, 9-42-160. That is exactly what occurred in this case. Ms. Chen, during the course of her 7 hour-long interrogation, acknowledged that she accessed restricted databases of the National Inventory of Dams, and that she downloaded some of the material that she accessed. She simply denied that she acted "without proper authority." In other words, she simply denied that her conduct was wrongful. The government is essentially charging Ms. Chen with lying for denying that she acted, as the government agents contended, with a corrupt intent. This type of prosecution runs directly contrary to DOJ policy which purports to preclude indicting individuals for simply denying their own guilt.

"contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend". *United States v. Landham*, 251 F.3d at 1079 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). There is literally nothing on the face of the indictment which even suggests what the nature of the government's investigation[6] concerned, or why Ms. Chen's statements were even of interest or relevant to the government, much less material.

Because Counts Three and Four fail to allege what it was that Ms. Chen said was false, and also fail to allege an essential element of the offense charged, these Counts must be dismissed.

**CONCLUSION**

For the foregoing reasons, Ms. Chen respectfully requests that this Court dismiss this Indictment.

December, 29, 2014

Respectfully submitted,

| | |
|---|---|
| */s/ Thomas E. Zeno* | */s/ Peter R. Zeidenberg* |
| Thomas E. Zeno (0088870) | Peter R. Zeidenberg, Pro Hac Vice Motion Pending |
| SQUIRE PATTON BOGGS (US) LLP | ARENT FOX LLP |
| 221 East Fourth Street, Suite 2900 | 1717 K Street, N.W. |
| Cincinnati, Ohio 45202 | Washington, D.C. 20006-5344 |
| Telephone: (513) 361-1202 | Telephone: (202) 857-6000 |
| Facsimile: (513) 361-1201 | Facsimile: (202) 857-6395 |
| thomas.zeno@squirepb.com | peter.zeidenberg@arentfox.com |

*Attorneys for Defendant Xiafen "Sherry" Chen*

---

[6] Indeed, the Indictment does not even allege that these statements were made in the context of an "investigation" as is customarily the case; it merely states that they were made "in a matter within the jurisdiction of the Department of Commerce."

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December 2014, I electronically filed the foregoing Motion to Dismiss the Indictment and the Memorandum in Support with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Thomas E. Zeno*
Thomas E. Zeno
*Attorney for Defendant Xiafen "Sherry" Chen*