IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 3:14CR149** |
| v. | : | **JUDGE THOMAS M. ROSE** |
| **XIAFEN CHEN,** aka "Sherry Chen" | : | **SUPERSEDING INDICTMENT** 18 U.S.C. § 641 |
| | : | 18 U.S.C. § 1001(a)(2) |
| Defendant. | : | 18 U.S.C. § 1030(a)(2) |
| | : | |

THE GRAND JURY CHARGES THAT:

### COUNT 1
### [18 U.S.C. § 641]

1. Between on or about May 10, 2012 and May 24, 2012, while in the Southern District of Ohio, the defendant **XIAFEN CHEN**, knowingly, intentionally and without proper authority did steal, purloin and convert to her use or the use of another, certain sensitive, restricted and proprietary computerized fields of data involving critical national infrastructure contained in the National Inventory of Dams database which is maintained by the United States Army Corps of Engineers in conjunction with the National Dam Safety Review Board, having a value in excess of $1,000, the property of the United States.

In violation of Title 18, United States Code, Section 641.

### COUNT 2
### [18 U.S.C. § 1030(a)(2)]

2. On or about May 10, 2012, while in the Southern District of Ohio, the defendant **XIAFEN CHEN**, intentionally exceeded authorized access to a protected United States Government computer database, namely the National Inventory of Dams database which is

maintained by the United States Army Corps of Engineers in conjunction with the National Dam Safety Review Board, and thereby obtained information from a department and agency of the United States, to wit: sensitive, restricted, and proprietary fields of data concerning critical national dam infrastructures, said information having a value in excess of $5,000.

In violation of Title 18, United States Code, Section 1030(a)(2) and (c)(2)(B)(iii).

## COUNT 3
## [18 U.S.C. § 1030(a)(2)]

3. On or about May 15, 2012, while in the Southern District of Ohio, the defendant **XIAFEN CHEN**, intentionally exceeded authorized access to a protected United States Government computer database, namely the National Inventory of Dams database which is maintained by the United States Army Corps of Engineers in conjunction with the National Dam Safety Review Board, and thereby obtained information from a department and agency of the United States, to wit: sensitive, restricted, and proprietary fields of data concerning critical national dam infrastructures, said information having a value in excess of $5,000.

In violation of Title 18, United States Code, Section 1030(a)(2) and (c)(2)(B)(iii).

## COUNT 4
## [18 U.S.C. § 1001(a)(2)]

4. On or about June 11, 2013, while in the Southern District of Ohio, in a matter within the jurisdiction of the Department of Commerce, an agency of the executive branch of the United States Government, the defendant **XIAFEN CHEN**, did knowingly and willfully make a materially false representation, to wit: that she never, without proper authority, logged onto the restricted area of the National Inventory of Dams database which is maintained by the United States Army Corps of Engineers in order to access sensitive, restricted and proprietary fields of data concerning critical national dam infrastructures. This statement was false because the

defendant **XIAFEN CHEN** then and there knew she had previously logged onto said restricted database without proper authority on various prior dates to include on or about May 10, 2012 and on or about May 15, 2012.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT 5
## [18 U.S.C. § 1001(a)(2)]

5. On or about June 11, 2013, while in the Southern District of Ohio, in a matter within the jurisdiction of the Department of Commerce, an agency of the executive branch of the United States Government, the defendant **XIAFEN CHEN**, did knowingly and willfully make a materially false representation, to wit: that she never, without proper authority, downloaded sensitive, restricted and proprietary fields of data concerning critical national dam infrastructures from the restricted area of the National Inventory of Dams database which is maintained by the United States Army Corps of Engineers. This statement was false because the defendant **XIAFEN CHEN** then and there knew she had previously downloaded data from said restricted database without proper authority on or about May 10, 2012 and on or about May 15, 2012.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT 6
## [18 U.S.C. § 1001(a)(2)]

6. On or about June 11, 2013, while in the Southern District of Ohio, in a matter within the jurisdiction of the Department of Commerce, an agency of the executive branch of the United States Government, the defendant **XIAFEN CHEN**, did knowingly and willfully make a materially false representation, to wit: that she never obtained a co-worker's (identified to the Grand Jury as "R.D.") personal password assigned to access sensitive, restricted and proprietary fields of data concerning critical national dam infrastructures contained in a restricted area of the

3

National Inventory of Dams database which is maintained by the United States Army Corps of Engineers. This statement was false because, the defendant **XIAFEN CHEN** then and there knew she had without proper authority on or about May 10, 2012 received an e-mail from "R.D." which contained his personal username and password to access said restricted database.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT 7
**[18 U.S.C. § 1001(a)(2)]**

7. On or about June 11, 2013, while in the Southern District of Ohio, in a matter within the jurisdiction of the Department of Commerce, an agency of the executive branch of the United States Government, the defendant **XIAFEN CHEN**, did knowingly and willfully make a materially false representation, to wit: that she never used a co-worker's (identified to the Grand Jury as "R.D.") personal password to access sensitive, restricted and proprietary fields of data concerning critical national dam infrastructures contained in a restricted area of the National Inventory of Dams database which is maintained by the United States Army Corps of Engineers. This statement was false because the defendant **XIAFEN CHEN** then and there knew she had on or about May 10, 2012 and on or about May 15, 2012 without proper authority used "R.D.'s" personal username and password to access said restricted database.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT 8
**[18 U.S.C. § 1001(a)(2)]**

8. On or about June 11, 2013, while in the Southern District of Ohio, in a matter within the jurisdiction of the Department of Commerce, an agency of the executive branch of the United States Government, the defendant **XIAFEN CHEN**, did knowingly and willfully make a materially false representation, to wit: the last occasion she was approached by an individual

identified to the Grand Jury as "J.Y.," the purported Vice Minister of the People's Republic of China Water Institute was in 2011. This statement was false because the defendant **XIAFEN CHEN** then and there knew she had personally met and held discussions with "J.Y." in his official government office in Beijing, China during a visit to that country occurring between on or about April 14 and May 8, 2012. This meeting with "J.Y." was later confirmed and documented in a series of follow-up e-mails transmitted and received by and between the defendant **XIAFEN CHEN** and "J.Y." between on or about May 15 and May 29, 2012.

In violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL

//SIGNED
FOREPERSON

CARTER M. STEWART
UNITED STATES ATTORNEY

LAURA I. CLEMMENS
Dayton Branch Chief