# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:14-CR-149 |
| | ) | |
| XIAFEN CHEN, | ) | Judge Thomas M. Rose |
| aka "Sherry Chen" | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS COUNTS 1, 2 AND 3 OF SUPERSEDING INDICTMENT

Defendant Xiafen "Sherry" Chen, by and through her counsel, Peter R. Zeidenberg, respectfully brings this Motion seeking an order for the Dismissal of Counts 1, 2 and 3 of the pending Superseding Indictment because of vagueness.  Simply put, the complete lack of any detail in the Superseding Indictment makes it impossible for the defendant to prepare a defense to these charges.   The grounds for this Motion are set forth in the attached Memorandum in Support.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plantiff, | ) | |
| v. | ) | Case No. 3:14-CR-149 |
| | ) | |
| XIAFEN CHEN, | ) | Judge Thomas M. Rose |
| aka "Sherry Chen." | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNTS 1, 2 AND 3 OF SUPERSEDING INDICTMENT**

**BACKGROUND**

Sherry Chen is a 59 year-old woman who has worked for the National Oceanic and Atmospheric Administration ("NOAA") as a hydrologist for the past seven years. Ms. Chen has a Master's Degree in Engineering Hydrology from a university in Beijing, China as well as a Master's Degree in Agriculture Meteorology from the University of Nebraska. Prior to working for NOAA, Ms. Chen worked as a hydrologist for the State of Missouri for 11 years.

While at NOAA, Ms. Chen was responsible for helping to create computer models designed to provide river forecasts for the Ohio River Basin. To do this, Ms. Chen would review and consider data from a wide range of sources, including data maintained in the National Inventory of Dams ("NID") database. This database, which is maintained by the Army Corps of Engineers ("ACE"), contains, *inter alia*, data regarding all dams located in the Ohio River Basin. Consequently, Ms. Chen would, as part of her official duties as a hydrologist for the NOAA, periodically access and review the data on the NID website.[1]

---

[1] It is important to note that the NID website contains no classified information. Its data is available to the public. Anyone who wishes to access the website can do so by simply requesting

2

On October 16, 2014, the government returned a 4 Count Indictment against Ms. Chen. The Indictment alleged one count of theft, in violation of 18 U.S.C. §641; one count of unauthorized access of a government computer database, in violation of 18 USC §1030(a)(2); and two counts of false statements, in violation of 18 U.S.C. §1001.

On December 29, 2014, Ms. Chen, through her counsel, filed a Motion to Dismiss the Indictment. This Motion was based on the fact that the indictment was too vague to defend against. *See* Motion to Dismiss the Indictment, Dk. # 19.

Rather than respond to the Motion[2], the government, on January 15, 2015, filed a Superseding Indictment. The Superseding Indictment contains 8 Counts: One count of theft (in violation of 18 U.S.C. §641); two counts of unauthorized access of a government computer database (in violation of 18 USC §1030(a)(2) and (c)(2)(B)(iii)); and 5 counts of false statements (in violation of 18 U.S.C. §1001(a)(2)).

Although the government's Superseding Indictment addressed the flaws with the false statement counts identified in the Motion to Dismiss by identifying with greater particularity what it contends Ms. Chen said that the government believes is false, it fails to address any of the defects identified with the other counts. Therefore, for the following reasons, the defense respectfully requests that Counts 1, 2 and 3 of the Superseding Indictment be dismissed.

---

a password from the NID, which is sent within minutes of the request being made. No background check or particular rationale for seeking access to the website is required.
[2] The government's response was due January 20, 2015.

3

**ARGUMENT**

The first requirement of the constitutional right to a fair trial is notice of the charges against which the accused must defend. *See Russell v. United States*, 369 U.S. 749, 760-61 (1962) (right to notice is rooted in the Sixth Amendment's Notice Clause, Fifth Amendment's Due Process Clause, and Fifth Amendment's Grand Jury Clause); *see also Bousley v. United States*, 523 U.S. 614, 618 (1998) (notice of the true nature of the charge is the first requirement of due process). In addition to alleging the elements of the charged offenses, the Indictment must state the facts with sufficient particularity to "apprise[] the defendant of what he must be prepared to meet" at trial. *Russell*, 369 U.S. at 763 (citation omitted) (internal punctuation marks omitted); *see also United States v. Hess*, 124 U.S. 483, 487-88 (1888) ("A crime is made up of acts and intent; and these must be set forth in the indictment with reasonable particularity of time, place and circumstances."). If such notice is not fixed in the charging document, the government is left free to shift its theory of prosecution even up through the trial, depending on the vagaries of proof. The defendant, required "to go to trial with the chief issue undefined," is hampered in his ability to prepare his defense, and is vulnerable to unfair surprise at trial. *Russell*, 369 U.S. at 766.

An indictment passes constitutional muster if it "'contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)); *see also United States v. Anderson*, 280 F.3d 1121, 1124 (7thCir. 2002) ("These constitutional mandates establish three minimum requirements for an indictment. First, it must adequately state all of the elements of the crime charged; second, it

must inform the defendant of the nature of the charges so that he may prepare a defense; and finally, the indictment must allow the defendant to plead the judgment as a bar to any future prosecution for the same offense." (citations omitted)).

The first three counts of the Superseding Indictment must be dismissed because they are so vague and lacking in any necessary details that they fail to satisfy these basic and minimal requirements. As drafted, the Superseding Indictment fails to "fairly inform [Ms. Chen] of the charge[s] against which [she] must defend," and fails to provide Ms. Chen with any protection against a subsequent prosecution in the event of an acquittal or conviction. *Hamling*, 418 U.S. at 117. Specifically, Counts One, Two and Three fail to identify in any fashion whatsoever what "sensitive, restricted and proprietary computerized fields of data" Ms. Chen allegedly accessed and stole from the NID database. As noted above, Ms. Chen was required to periodically access proprietary computerized databases in order to carry out her job responsibilities. By failing to specify *what*, precisely, Ms. Chen is alleged to have improperly downloaded and stolen, *how* she allegedly committed the offense, or precisely *when* she committed the offense, it is impossible for Ms. Chen to prepare a defense. Nor would it be possible for Ms. Chen "to plead the judgment [from a trial on this indictment] as a bar to any future prosecution for the same offense." *Anderson*, 280 F.3d at 1124.

### A. The Indictment Fails to Identify *What* Was Downloaded and Stolen

Counts One, Two, and Three fail to identify what it was that Ms. Chen allegedly accessed and stole. The Superseding Indictment merely states that Ms. Chen improperly accessed and stole "certain sensitive, restricted and proprietary computerized fields of data involving critical national infrastructure contained in the National Inventory of Dams database." Given that the entire NID database arguably contains data "involving critical national infrastructure," the

description provided is the equivalent of saying that a defendant broke into a department store and stole "merchandise" or "things of value." Such a vague description fails to adequately apprise Ms. Chen of what the government alleges that she accessed and stole, and makes it impossible to adequately prepare a defense or defend against a subsequent trial based on the same set of facts. Without knowing what, precisely, Ms. Chen is alleged to have improperly accessed and downloaded, it is impossible for Ms. Chen to explain why the particular document was needed for her work.

This failure to identify with particularity the property accessed and stolen is fatal to Counts One, Two, and Three. *See United States v. Ambrose*, No. 07 CR 18, 2007 WL 2198776, at *1 (N.D. Ill. July 30, 2007) ("We do not see how Count One, failing to specify the property the defendant is alleged to have converted and conveyed, informs the defendant of 'the nature of the charges so that he may prepare a defense,' or provides a protection against double jeopardy. It simply does not 'pin[ ] down the specific conduct at issue.' At trial, the government could offer proof of the conversion of *any* kind of Department of Justice property, and it would be covered by Count One." (citations omitted)).

The rationale of *Ambrose* applies with equal force to the instant case: because the government has failed to identify which "computerized data fields" Ms. Chen accessed and stole, she is unable to prepare a defense and has no protection against a subsequent prosecution on the same facts.

### B. Counts One, Two, and Three of the Indictment Fail to Identify *How* the Crime Was Committed

In order to adequately prepare a defense, a defendant must be apprised of some basic facts regarding *how* the alleged crime was committed. *United States v. Allen*, No. 3:12-CR-90-TAV-HBG, 2014 WL 3368605, at *10 (E.D. Tenn. July 9, 2014) (It is well-settled that an

6

indictment must contain facts, not just legal conclusions: 'A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances.'" *United States v. Cruikshank,* 92 U.S. 542, 558 (1875). The allegations in the indictment, alone, must permit the court to determine whether 'the acts charged will – if proved – support a conviction for the offense alleged.' *Id.* at 559.").

The Superseding Indictment is devoid of any such facts. Ms. Chen is left completely in the dark as to how the government contends she accessed and stole the "restricted and proprietary computerized fields of data." This failure to allege how the offense was committed makes it impossible for Ms. Chen to prepare her defense because the defense does not know how it is that the government will contend that Ms. Chen committed these offenses. The defense is left to guess if the government will contend that Ms. Chen hacked into the government data base using her home computer; or that she perhaps used, without permission, a computer belonging to a coworker; if she stole and used a password belonging to a supervisor; or if she tricked a coworker into giving her access to the database. The Superseding Indictment is utterly devoid of a single detail as to *how* this offense was committed. Without these facts, it is not only impossible for Ms. Chen to adequately prepare a defense, but Ms. Chen would face the double jeopardy threat prohibited by *United States v. Landham.* Absolutely nothing would bar the government, in the event of an acquittal, from bringing a new charge based on these same facts, but this time merely alleging an alternative theory of how the offense occurred.

The government must be required to provide Ms. Chen with adequate notice of *how* it contends that this offense was committed. Simply saying that Ms. Chen violated the statute – which is, at bottom, all this indictment says – is not adequate.

7

### C. The Indictment Fails to Adequately Identify *When* the Crime Was Committed

Count One must also be dismissed because it fails to adequately provide Ms. Chen with the required notice of *when* the alleged offenses occurred. Count One alleges that the theft of property occurred sometime during the two week period "[b]etween on or about May 10, 2012 and May 24, 2012." Yet Count One does not describe a continuing offense. This is not a fraud or a conspiracy case that took place over a series of days or weeks. Presumably, the alleged theft occurred on a single, identifiable date. Ms. Chen should not be placed in the position of having to guess which day, during that two-week period, the offense actually occurred. "It is well-settled that an indictment must contain facts, not just legal conclusions. . . and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances." *See United States v. Allen*, No. 3:12-CR-90-TAV-HBG, 2014 WL 3368605, at *10 (E.D. Tenn. July 9, 2014) (quoting *United States v. Cruikshank,* 92 U.S. 542, 558 (1875)). Because of the nature of the allegations in this case and the information that is clearly in the possession of the government, a range of dates does not provide the required "reasonable particularity" with regard to the time of the alleged conduct.

From the little that can be gleaned from the Superseding Indictment, it appears that the government will contend that Ms. Chen stole "certain sensitive, restricted and proprietary computerized fields of data." The government has seized and analyzed Ms. Chen's work computer, with which this alleged offense was presumably committed. There is simply no reason for the government not to specify *when* this offense allegedly occurred. Simply laying out a two-week time frame is not adequate notice. In order to prepare her defense, Ms. Chen will need to be able to reconstruct and recollect what she was working on the day the offense allegedly occurred, so that the jury can understand why she accessed the data fields at issue. It

simply is not possible – nor should it be necessary – for Ms. Chen to recreate her thought processes and rationales for every moment of a two-week period, when the government presumably knows the precise date and time that this alleged offense occurred.[3]

## CONCLUSION

For the foregoing reasons, Ms. Chen respectfully requests that this Court dismiss Counts One, Two, and Three of the Superseding Indictment.

January 22, 2015

Respectfully submitted,

| | |
|---|---|
| /s/ Thomas E. Zeno | /s/ Peter R. Zeidenberg |
| Thomas E. Zeno (0088870) | Peter R. Zeidenberg, *Pro Hac Vice* |
| SQUIRE PATTON BOGGS (US) LLP | ARENT FOX LLP |
| 221 East Fourth Street, Suite 2900 | 1717 K Street, N.W. |
| Cincinnati, Ohio 45202 | Washington, D.C. 20006-5344 |
| Telephone: (513) 361-1202 | Telephone: (202) 857-6000 |
| Facsimile: (513) 361-1201 | Facsimile: (202) 857-6395 |
| thomas.zeno@squirepb.com | peter.zeidenberg@arentfox.com |

*Attorneys for Defendant Xiafen "Sherry" Chen*

---

[3] If this is not the case, and the accessing and downloading of documents was part of an ongoing, weeks-long scheme, then, of course, those facts must be laid out clearly in the indictment.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of January 2015, I electronically filed the foregoing Motion to Dismiss the Indictment and the Memorandum in Support with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ Thomas E. Zeno
Thomas E. Zeno
*Attorney for Defendant Xiafen "Sherry" Chen*