```
                    UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION AT DAYTON
```

**UNITED STATES OF AMERICA,**     No. 3:14CR149TMR
              )
         **Plaintiff,**     PROTECTIVE ORDER
              )
         v.
              )
**XIAFEN CHEN,**
              )
         **Defendant.**
              )

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), for good cause shown, the Court hereby grants the unopposed motion of the United States for entry of a Protective Order, prescribing the manner in which defendant Xiafen Chen and her counsel must handle certain materials – namely, (1) a mirror image of the work computer that Ms. Chen used at her place of employment (the National Oceanic and Atmospheric Administration's facility in Wilmington, Ohio) at time of her alleged offense; (2) certain documents downloaded to that computer that will be produced to them in discovery (collectively, "the Discovery Materials")[1]; and (3) all the attachments to a June 17, 2014 e-mail from Rebecca Ragon to Andrew Lieberman (referenced in item no. 15 in the October 28, 2014 discovery letter sent by the Government to defense counsel) – to as follows:

---

[1] When producing these Discovery Materials to Ms. Chen and her counsel, the United States will clearly mark them as subject to the Protective Order.

1.  Defendant's counsel and Ms. Chen will not disclose the information contained in the Discovery Materials directly or indirectly to any person except: attorneys and investigators who are assisting in Ms. Chen's defense; United States citizens who the defense interviews as potential witnesses; and potential experts ("Authorized Individuals"). Upon disclosing information contained in the Discovery Materials to an Authorized Individual, Defendant's counsel and Ms. Chen must provide the Authorized Individual with a copy of the Court's Protective Order and advise the Authorized Individual that he or she will be subject to the same obligations as imposed upon defendant's counsel by the Protective Order.

2.  Defendant's counsel shall not copy, reproduce or create a mirror image of the Discovery Materials unless copied, reproduced, or mirror imaged for Authorized Individuals to assist in the defense, and in that event, the copies, reproductions, or mirror images should be treated in the same manner as the original Discovery Materials. Defendant's counsel shall maintain a log of any copies, reproductions, or mirror images made of the Discovery Materials and to whom they were distributed.

3.  Although defendant's counsel may permit Ms. Chen to review the Discovery Materials at their respective offices, Ms. Chen may not remove from those offices: the Discovery Materials; or copies, reproductions, or mirror images of the Discovery Materials,

regardless of format, including, but not limited, personal notes reflecting content of the Discovery Materials.

4. Defendant's counsel and Ms. Chen may use the Discovery Materials solely in the defense of this case and for no other purpose.

5. At the conclusion of this case, defendant's counsel shall return the Discovery Materials and copies, reproductions, or mirror images thereof to the United States Attorney's Office.

6. Defendant's counsel shall inform Ms. Chen of these prescriptions placed on the Discovery Materials, and direct her not to disclose or use any information contained in the Discovery Materials in violation of the Protective Order.  However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

1/27/2015
_____                    _____
DATE                                 HONORABLE THOMAS M. ROSE
                                     UNITED STATES DISTRICT COURT JUDGE

3