**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:14-CR-149 |
| | ) | |
| XIAFEN CHEN, | ) | Judge Thomas M. Rose |
| aka "Sherry Chen," | ) | |
| | ) | |
| Defendant. | ) | |

---

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS COUNTS 1, 2 AND 3 OF SUPERSEDING INDICTMENT**

---

Defendant Xiafen "Sherry" Chen, by and through her counsel, Peter R. Zeidenberg, respectfully brings this Reply to the Government's Response in Opposition to Defendant's Motion to Dismiss Counts 1, 2, and 3 of the pending Superseding Indictment.

In its Response, the government states that "Ms. Chen does not and cannot assert that the superseding indictment fails to allege the elements of the charged offenses" (Govt. Resp. at 2). The government is incorrect. Counts 1, 2, and 3 of the Indictment are, in fact, fatally flawed because they fail to allege that the defendant acted unlawfully and willfully.

While Counts 1, 2, and 3 of the Superseding Indictment generally track their respective statutes, as the authority cited by the government in its Opposition makes clear, a charging instrument only withstands challenge if the language cited "set[s] forth all the elements necessary to constitute the offen[s]e intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Counts 1, 2, and 3 are fatally flawed because they fail to allege that Ms. Chen's conduct was done unlawfully and willfully.

In a prosecution of violation of 18 U.S.C § 641, "the failure of the indictment to charge that the defendant acted knowingly, unlawfully, and wilfully is fatally defective to the Government's prosecution of this indictment." *United States v. Denmon*, 483. F.2d 1093, 1095 (8th Cir. 1973) (citing *Morisette v. United States*, 342 U.S. 246 (1952)).

This error cannot be corrected by proper jury instructions.  As the *Denmon* Court stated:

[T]he Government contends that the trial court's proper instruction requiring a finding of criminal intent has remedied the defect in the indictment.  We think a defect of the type present in this case is more than a matter of mere form or technical pleading and constitutes a substantive defect in the indictment.  It is elementary in American jurisprudence that an indictment must set forth the essential elements of the offense charged, and if it does not, a conviction based thereon is fatally defective. (Citations omitted.)  The specific reason for the requirement that the indictment contain all of the essential elements of the crime charged in this case is that there could be no assurance that the grand jury would indict if it had not considered all of the essential elements of the crime.  The defendant's Fifth Amendment protection of being called to answer only upon a grand jury indictment would be eroded by allowing the courts to supply missing elements of the charged offense.  This is not to be viewed in a technical sense as requiring complete and comprehensive allegation of all the section of statutory language, but only as stating the essential elements so as to fairly apprise the defendant of the nature of the charge, protect against double jeopardy and assure that the grand jury has considered the essential elements of the charged offense.

****

[T]he Government points out that the District Court properly instructed the jury on specific intent and defined "knowingly," "unlawfully" and "wilfully."  So it did and it is probable that the defendant was not misled as to the crime charged, but we think the omission of an admittedly essential element of the offense in the indictment is a matter of substance and not form.  Nor can the missing element here be properly implied or inferred from other elements and allegations of the indictment.

****

The Government's suggestion for applying a "fairness test," as discussed earlier, to determine whether the defendant was sufficiently apprised of the nature of the offense completely ignores the dictates of the Fifth Amendment.  The major constitutional reason why the indictment was defective in this case is the Fifth Amendment's requirement that the defendant has the right to be tried upon charges found by a grand jury.  (Citations omitted.)  We cannot say that the grand

2

jury would have returned a true bill against the defendant if the essential element of a criminal intent would have been included in the indictment.  (Citation omitted.)  Of course, the instructions to the jury at trial could not have had any effect upon the prior grand jury indictment or supply missing elements thereof.

*Denmon*, 483 F.2d at 1095-97.

Similarly, counts 2 and 3 of the indictment fail to allege that Ms. Chen acted willfully and unlawfully.  The intent requirement for the computer crimes statute is the same as that for theft. Merely tracking the statutory language does not inform the grand jury of the nature of the offense, and those counts must be dismissed as well.

The harm and prejudice of the government's failure to properly allege all of the essential elements of Counts 1, 2, and 3 are exacerbated in this case because there is substantial reason to doubt a properly charged grand jury would have found, even by the preponderance of the evidence standard, that Ms. Chen's actions were done willfully and with an unlawful intent. Contemporaneous e-mail evidence has been provided to the defense in discovery that clearly demonstrates that Ms. Chen, after returning from China, advised her supervisor, in writing, that she had recently received a request for information and was seeking to satisfy this request by providing *public* information.  *See* Ex. 1.  Ms. Chen advised her supervisor that the "National Inventory of Dams (NID) has dam storage info but it is by dams or states *and only available to government users.  Where to get some general info for public?*"  *Id.* (emphasis added).  And, in fact, Ms. Chen then sent to her former colleague in China links to and information from *publicly available government websites*, including the main phone number of the Army Corps of Engineers.  *See* Ex. 2.

The defense presumes that the government understands its professional obligations regarding exculpatory information and further presumes that Exhibit 2 was provided to the grand

3

jury.[1]  There can be no good faith dispute that in a case that will likely turn on whether the government can establish, beyond a reasonable doubt, that Ms. Chen acted with willful and unlawful intent, the email reflected in Exhibit 2 is highly exculpatory. There is simply no reason to assume that a properly instructed grand jury – particularly one provided with this exculpatory evidence – would have found probable cause to return Counts 1, 2, or 3.

## CONCLUSION

Because Counts 1, 2, and 3 of the Superseding Indictment fail to allege that Ms. Chen acted willfully and unlawfully, there can be no reason to believe a properly instructed grand jury would have returned an indictment on these Counts.  This failure to properly instruct the grand jury constitutes a violation of the Fifth Amendment.  For these reasons, and those stated in Ms. Chen's initial Motion to Dismiss the Superseding Indictment, these Counts must be dismissed.[2]


Dated:  February 5, 2015                                  Respectfully submitted,


*/s/ Thomas E. Zeno*                                 */s/ Peter R. Zeidenberg*
Thomas E. Zeno (0088870)                     Peter R. Zeidenberg, *Pro Hac Vice*
SQUIRE PATTON BOGGS (US) LLP         ARENT FOX LLP
221 East Fourth Street, Suite 2900           1717 K Street, N.W.
Cincinnati, Ohio 45202                            Washington, D.C. 20006-5344
Telephone: (513) 361-1202                      Telephone: (202) 857-6000
Facsimile: (513) 361-1201                       Facsimile: (202) 857-6395
thomas.zeno@squirepb.com                     peter.zeidenberg@arentfox.com

*Attorneys for Defendant Xiafen "Sherry" Chen*

---

[1] USAM 9-11.233 states that although the Supreme Court has held that the Court shall not dismiss an indictment for the government's failure to provide exculpatory evidence, "[i]t is the policy of the Department of Justice, however, that when a prosecutor conducting a grand jury inquiry is personally aware of substantial evidence that directly negates the guilt of a subject of the investigation, the prosecutor must present or otherwise disclose such evidence to the grand jury before seeking an indictment against such a person."

[2] The defense reasserts and maintains all of its previously pled arguments regarding the infirmities of the Superseding Indictment, though does not repeat them here.

CERTIFICATE OF SERVICE

I certify that on February 5, 2015, I electronically filed the foregoing Reply to the Government's Response to the Defendant's Motion to Dismiss Counts 1, 2, and 3 of the Superseding Indictment and the Memorandum in Support with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ Peter R. Zeidenberg
Peter R. Zeidenberg, *Pro Hac Vice*
*Attorney for Defendant Xiafen "Sherry" Chen*

5