UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : Case No.: 3:14-cr-149-TMR |
| | : |
| **Plaintiff,** | : |
| | : |
| vs. | : **UNITED STATES'S OPPOSITION TO** |
| | : **DEFENDANT'S MOTION TO PRECLUDE** |
| **XIAFEN CHEN,** | : **ADMISSION OF EVIDENCE UNDER** |
| | : **RULE 404(b)** |
| **Defendant.** | : |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby opposes defendant Xiafen Chen's motion to preclude admission at trial of evidence under Federal Rule of Evidence 404(b). (Doc. #35). This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument as may be presented at any hearing on this matter.

DATED: February 11, 2015

Respectfully submitted,

CARTER M. STEWART
UNITED STATES ATTORNEY

s/Dwight K. Keller
DWIGHT K. KELLER (0074533)
BRENT G. TABACCHI (IL 6276029)
Assistant United States Attorneys
Attorneys for Plaintiff
602 Federal Building
200 West Second Street
Dayton, OH   45402
Telephone: (937) 225-2910
Fax: (937) 225-2564
dwight.keller@usdoj.gov

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

On January 15, 2015, a federal grand jury sitting in Dayton, Ohio charged defendant Xiafen Chen in a superseding indictment with: one count of theft of U.S. Government Property in violation of 18 U.S.C. § 641; two counts of accessing without authority a protected U.S. Government computer to obtain information in violation of 18 U.S.C. § 1030(a)(2); and five counts of making materially false statements to federal investigators in violation of 18 U.S.C. § 1001.  Ms. Chen now moves to exclude from trial certain evidence that is either is inextricably intertwined with these offenses or is probative of her prior knowledge and criminal intent to commit each of said crimes.  As detailed below, the United States respectfully requests that the Court deny Ms. Chen's motion.

**II.**

**BACKGROUND**

On or about March 5, 2007, defendant Xiafen Chen began her employment with the National Oceanic and Atmospheric Administration (NOAA) as a forecast hydrologist.  During her tenure with NOAA, she has been assigned to the Ohio River Forecast Center (OHRFC) in Wilmington, Ohio.  As a NOAA employee, she received annual and detailed cyber security training and instruction on NOAA's Rules of Behavior. This training covered basic cyber security protocols to include such things as the importance and need to protect and not share personal passwords and login credentials.  In June 2009, Ms. Chen attended a webinar presented by Rebecca Ragon, the U.S. Army Corps of Engineers (USACE) Program Manager for National Inventory of Dams (NID) website. This briefing discussed in part the applicable cyber security

2

measures associated with accessing and using the NID. The NID website contains two distinct sections: (1) *a publically accessible section* consisting of approximately 45 fields of data, and (2*) a restricted section* accessible only by Government employees that have been issued individual user names and passwords based upon an established official "need to know." The restricted section consists of six specific fields of data, to wit: downstream hazard potential, nearest city, distance to nearest city, condition assessment detail, and condition assessment date. The defendant never formally applied for, or was granted access to the restricted section of the NID by USACE officials. Whenever the restricted section of the NID is accessed, a nondisclosure agreement appears along with other security warning banners informing the user of his/her security obligations and responsibilities .

Between April 14 and May 8, 2012, the defendant traveled to the People's Republic of China (PRC) to visit her elderly parents. During this trip, the defendant met with Jiao Yong, the Vice Minister of Water Resources for the PRC at his Beijing government office. During this one-on-one meeting with Yong, he indicated to the defendant his interest in obtaining certain information about how the United States designs, builds, operates, maintains and funds dam facilities. Upon Ms. Chen's return to her Wilmington, Ohio NOAA work place, she immediately sought and gained unauthorized access to the restricted section of the NID using an unsuspecting co-worker's personal login credentials. The defendant proceeded to use these unauthorized credentials to log into the restricted section of the NID on May 10th, May 11th, May 14th and May 15th. On May 10th and 15th, the defendant downloaded sensitive documents from the restricted NID website onto her office computer. After apparently experiencing difficulty processing the restricted NID material, on May 11th the defendant sent an e-mail to Trent Schade, her supervisor requesting assistance. In this e-mail, the defendant indicated she sought certain information on

behalf of third party concerning: U.S. dam storage capacity, policies and procedures for building new dams and issues involving the construction and maintenance of USACE dams. After examining the defendant's e-mail, Schade forwarded the e-mail to Deborah H. Lee, the USACE Chief of Water Control in Cincinnati, OH for review. Schade advised the defendant that it would be best to let the USACE handle the inquiry. On May 24th, the defendant unilaterally decided to personally follow up with Ms. Lee. In a telephone conversation, the defendant indicated to Ms. Lee that she sought information on behalf of "Chinese colleagues" on how U.S. federal reservoirs are authorized and built. She specifically desired documents describing the planning process and how the U.S. facilities were managed and built. She additionally requested the entire U.S. set of water control manuals, along with the storage capacity for federal reservoirs. Collectively, this data is considered highly sensitive and restricted based upon obvious national security concerns. Due to Ms. Lee's prior dealings and conversations with the defendant over the prior three years, and her personal knowledge of the actual scope and parameters of the OHRFC mission, she became alarmed. Ms. Lee's concern became even more elevated when she inquired of the defendant as to who exactly was requesting this information. The defendant refused to identify the third person. As such, Ms. Lee denied the defendant's request and reported the incident to USACE security officials. During the course of the previous three years, Ms. Lee had received similar inappropriate requests from the defendant seeking access to sensitive "restricted" data that had absolutely nothing to do with defendant's duties and responsibilities at the OHRFC. In May 2012, following her return to the U.S., the defendant exchanged a series of e-mails with Yong:

> "It was very glad to meet you in Beijing after so many years and impressed with your achievement and contribution to the nation in water resources development management," (May 15 ). "I am back home now and have been looking for the dam information you are interested in. (May 15). Responding e-mails from Yong dated

4

May 21 and May 29 state in part: "Hi Xiafen: Your email received. I am sorry to reply you with a delay as I was on a one-week trip for inspection of flood works. Thanks for the information you forward me. I will go through it. Best regards, Jiao Yong."

On April 16, 2013, Trent Schade sent out an OHRFC-wide policy directive mandating that all future "outside" requests for code or data be first routed through him. In a series of e-mail messages spanning April 10-May 16, 2013, the defendant opted to violate this policy by providing internal OHRFC data to a former co-worker named Thomas Adams. In defendant's concluding e-mail to Adams, she stated "I will not tell anyone."

On June 2013, criminal investigators from the Department of Commerce interviewed the defendant about her May 2012 unauthorized access of the NID. During this interview, the defendant provided a series of materially false responses to direct questions, to wit: (1) she *never* without proper authority logged onto the restricted area of the NID; (2) she *never* downloaded sensitive data from the restricted area of the NID; (3) she *never* obtained a co-worker's personal password issued to him to gain access to the restricted area of the NID; (4) that she *never* used a co-worker's personal password for the restricted area of the NID; and (5) the last time she was approached by the Vice Minister of Water for the PRC was 2011 as opposed to April 14-May 8, 2012.

On February 6, 2015, the Government notified the defendant of its intent to introduce certain evidence at trial pursuant to Federal Rule of Evidence 404(b), to wit: (1) the facts and circumstances of her April 16, 2013 decision to provide data to Thomas Adams in violation of Trent Schade's announced office-wide policy; (2) the facts and circumstances surrounding the defendant's May 24, 2012 conversations with Ms. Lee; and (3) the facts and circumstances surrounding the defendant's 2009 conversations with Ms. Lee wherein the defendant sought access to sensitive USACE dam and reservoir related data that far exceeded her normal OHRFC

5

job requirements. (See Attachment "A"). On February 9, 2015, the defendant filed a motion seeking to preclude admission of said evidence under Federal Rule of Evidence 404(b).

### III.

### DISCUSSION

The defense motion states on page 5:

*"[T]here is no dispute that Ms. Chen accessed and downloaded a document from the NID. The critical issue at trial will be whether this act alone was done with a bad intent, i.e. Ms. Chen knew her conduct was wrongful."*

The Government agrees. The defendant's prior knowledge and criminal intent in committing each of the eight alleged criminal counts are key factual issues that the jury, as the ultimate fact finder, must ultimately resolve. The proposed Rule 404(b) evidence is clearly relevant to provide a proper context of the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, lack of accident and *res gestae* to the charged offenses under 18 U.S.C. §§ 641, 1030(a)(2) and 1001. As such, this evidence should be deemed admissible.

### IV.

### ARGUMENT

**A.    The Defendant's 2009 and May 24, 2012 Conversations with Ms. Lee Are Admissible.**

    **1.    These Conversations Constitute Background Evidence Necessary to Explain the Events of May 10-15, 2012.**

Absent admission of evidence concerning the 2009 and May 24, 2012 conversations between the Defendant and Ms. Lee -- the events of May 10th, 11th, 14th and 15th, 2012 are devoid of context. Phrased differently, prior and subsequent conversations by and between the Defendant and Ms. Lee are inextricably intertwined with the charged offenses – namely, Ms.

6

Chen's theft and conversion of proprietary and sensitive U.S. Government data she accessed without any lawful authority on the restricted section of the NID.

Federal Rule of Evidence 404(b) ("Rule 404(b)") does not apply to other acts that either are inextricably intertwined with, or constitute background evidence concerning, the charged offense. See United States v. Buchanan, 213 F.3d 302, 311 (6th Cir. 2000). Often referred to as "res gestae" evidence, testimony and exhibits fall within this doctrine if they "are inextricably intertwined with the charged offense or [if] the telling of [these other acts] is necessary to complete the story of the charged offense." United States v. Hardy, 228 F.3d 745, 748 (6th Cir. 2000). As the Sixth Circuit has observed:

> Proper background evidence has a causal, temporal, or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

Hardy, 228 F.3d at 748. Phrased differently, such evidence is admissible without regard to Rule 404(b) because it "flesh[es] out the circumstances surrounding the crime with which defendant has been charged, thereby allowing the jury to make sense of the testimony in its proper context." United States v. Ramirez-Jiminez, 967 F.2d 1321, 1327 (9th Cir. 1992). To bar such evidence would be tantamount to requiring the jury to "make its decision in a void -- without knowledge of the time, place, and circumstance of the acts which form the basis for the charge." United States v. Daly, 974 F.2d 1215, 1217 (9th Cir. 1992).

**2. Alternatively, The Evidence Is Admissible Under Rule 404(b) to Demonstrate Ms. Chen's Knowledge, Intent, Absence of Mistake, Motive, Lack of Accident, Opportunity, Preparation and Plan.**

Even if the 2009 and May 24, 2012 conversations between the defendant and Ms. Lee -- do not constitute background evidence, they are probative of Ms. Chen's knowledge, intent, and lack

of mistake, etc. on May 10th and 15th when she, without authority, downloaded data from the restricted NID web site using her co-worker's individualized login credentials. As such, this evidence is clearly admissible under Rule 404(b).

Rule 404(b) favors admissibility of evidence; it is "a rule of inclusion, not exclusion." United States v. Myers, 102 F.3d 227, 234 (6th Cir. 1996). Under this provision, "[e]vidence of other crimes, wrongs, or acts . . . may [] be admissible . . . as proof of motive, . . . intent, . . . knowledge . . . or absence of mistake or accident." Fed. R. Evid. 404(b). To admit evidence under this rule, a district court must: (1) make a preliminary finding as to whether sufficient evidence exists that the prior acts occurred; (2) determine that the other act evidence is admissible for a proper purpose, i.e., to establish intent, lack of mistake, etc.; and (3) consider if the evidence satisfies Federal Rule of Evidence 403. See United States v. Mack, 258 F.3d 548, 553 (6th Cir. 2001). Testimony showing motive does not even fall within the scope of Rule 404(b) evidence unless it involves other crimes, wrongs or acts. United States v. Holmes, 111 F.3d 463 (6th Cir. 1997).

      a.    The Discussions Occurred

Sufficient facts exist to conclude that the discussion between the defendant and Ms. Lee actually occurred. Documentation has been provided to the defense via discovery to verify the occurrence of these conversations.

The discussions are admissible for a proper purpose – namely, to demonstrate Ms. Chen's intent, knowledge, lack of mistake, motive, lack of accident, opportunity, preparation and plan.

Each of the eight charged offenses require a showing of knowledge and criminal intent. "[W]here there is thrust upon the government, either by virtue of the defense raised by the defendant or by virtue of the elements of the crime charged, the affirmative duty to prove that the

8

underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b)." United States v. Johnson, 27 F.3d 1186, 1192 (6th Cir. 1994). Moreover, when a defendant "pled not guilty to a [specific intent] offense [such as] possession with intent to distribute, he put his general intent and specific intent at issue" and therefore "open[s] the door" to the admission of "other drug acts" under Rule 404(b). United States v. Lattner, 385 F.3d 947, 957 (6th Cir. 2004).

### b. The Discussions Are Admissible Under Rule 403

"Rule 403 favors admissibility." United States v. Fleming, 215 F.3d 930, 939 (9th Cir. 2000). To warrant exclusion under this rule, the probative value of evidence must be substantially outweighed by its unfairly prejudicial effect. Unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 Advisory Committee Notes. Evidence is not unfairly prejudicial merely because it has an adverse effect on the defense; unfair prejudice occurs only when "the jury responds negatively to some aspect of the evidence unrelated to its tendency to make the contested fact more or less probable." United States v. Savinovich, 845 F.2d 834, 837 (9th Cir. 1988).

Moreover, to the extent any portion of the discussions contain matters that the Court were to deem too unfairly prejudicial to submit to the jury, the remedy is not exclusion of the entire recording; rather, the prejudicial portions may be removed ,and the remaining materials may be submitted to the jury. Finally, any prejudice from admission of these events could be cured by a limiting instruction. See United States v. Wheaton, 517 F.3d 350, 365 (6th Cir. 2008) (limiting instruction "cured" potential prejudice); United States v. Marino, 658 F.2d 1120, 1123 (6th Cir. 1981) (same); see also Fed. R. Evid. 105, advisory committee's note (explaining that the potential

efficacy of a limiting instruction "must be taken into consideration in reaching a decision whether to exclude for unfair prejudice under Rule 403.").

**B.   Testimony Concerning the Defendant's Violation of Trent Schade's April 16, 2013 Policy Constitutes Admissible Background Evidence to the Events of February 22, 2008.**

Ms. Chen also seeks to exclude any reference to her participation in a series of e-mails spanning April 16-May 16, 2013 which violated her supervisor's policy that all outside requests for data or code first be reviewed and approved by him. The United States intends to introduce limited evidence concerning this matter because it is likewise inextricably intertwined with the charged events of May 10 -24, 2012.   They provide context to defendant's unauthorized access to and downloading of documents from the restricted section of the NID.

Evidence concerning defendant's actions with respect to her supervisor's announced policy on how to handle outside requests for data and code also survives scrutiny under Rule 403. Any potential prejudice from evidence concerning this incident could be easily and properly cured through a limiting instruction.

### 3.   The Prior Acts Are Sufficiently Close In Time and <u>Substantially Similar In Nature to the Charged Offense.</u>

These prior bad acts are "substantially similar and reasonably near in time to the charged offense."  <u>United States v. Carney</u>, 387 F.3d 436, 451 (6th Cir. 2004).  To be substantially similar, the acts "need not duplicate exactly the instant charge, but need only be sufficiently analogous to support an inference of criminal intent."  <u>United States v. Benton</u>, 852 F.2d 1456, 1468 (6th Cir. 1988).  Although there "is no absolute maximum number of years that may separate a prior bad act and the offense charged," <u>United States v. Ismail</u>, 756 F.2d 1253, 1259 (6th Cir. 1985).  Many cases have admitted evidence of acts up to ten years prior to the charged

offense.  United States v. Jones, 403 F.3d 817 (6th Cir. 2005).  As such the defense argument of "remoteness" is without any merit and should be rejected.

## V.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny Ms. Chen's to preclude admission at trial of evidence under Federal Rule of Evidence 404(b) and the theory of *res gestae* evidence.

DATED: February 11, 2015                     Respectfully submitted,

                                             CARTER M. STEWART
                                             UNITED STATES ATTORNEY

                                             s/Dwight K. Keller
                                             DWIGHT K. KELLER (0074533)
                                             BRENT G. TABACCHI (IL 6276029)
                                             Assistant United States Attorneys
                                             Attorneys for Plaintiff
                                             602 Federal Building
                                             200 West Second Street
                                             Dayton, OH   45402
                                             Telephone: (937) 225-2910
                                             Fax: (937) 225-2564
                                             dwight.keller@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response was served this 11th day of February, 2015, electronically on: all defense counsel.

                                             s/Dwight K. Keller
                                             DWIGHT K. KELLER (0074533)
                                             Assistant United States Attorney

11