**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 3:14-CR-149 |
| ) | |
| XIAFEN CHEN, ) | Judge Thomas M. Rose |
| aka "Sherry Chen," ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL SUBMISSION IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT AND TO PRECLUDE 404(b) EVIDENCE**

In its Reply to Government's Opposition to Defendant's Motion to Dismiss Counts 1, 2 and 3 of Superseding Indictment, the Defense, relying upon *Morissette v. United States,* 342 U.S. 246 (1952) and *United States v. Denmon*, 483 F.2d 1093 (8th Cir. 1973) urged the Court to dismiss Counts 1, 2 and 3 because the indictment failed to allege all of the essential elements of the offense charged.  Defense's Reply, p. 2.

At a hearing on this motion, the government suggested that *Denmon* was not controlling authority in the Sixth Circuit; that it had to do no more than allege that that the defendant acted "knowingly"; and that it was not required to prove that Defendant's conduct was done "willfully."  The government's contentions are wrong, and the cases it cited at the hearing do not support its argument.

The government concedes, as it must, that an indictment must allege each essential element of the offense charged.  Gov't's Opposition, p. 4.  The only question, then, is whether the government is correct that it need not prove—or allege—that Defendant acted "willfully" when she committed Counts 1, 2 and 3.  There is controlling authority in the Sixth Circuit, as

well as persuasive authority from other circuits, that "willfully" is, in fact, a required element for § 641.

**Sixth Circuit Precedent on Specific Intent and Willfulness for 18 U.S.C. §§ 641 and 1030**

Any analysis of the intent requirement for 18 U.S.C. § 641 begins with *United States v. Morissette,* 342 U.S. 246 (1952), which held that a conviction under 18 U.S.C. § 641 requires that the government prove that the defendant acted with a "felonious intent." *Id.* at 274-75. The Sixth Circuit, relying upon *Morissette* concluded that "the Supreme Court flatly rejected the idea that Section 641 contained a strict liability standard and held that the statute contained a traditional criminal intent standard for all proscribed activities." *United States v. Jeter,* 775 F.2d 670, 681 (6th Cir. 1985). The *Jeter* court further held that a § 641 violation requires that the government prove that the defendant acted with "the traditional criminal *mens rea*" such that conduct that was "merely 1) inadvertent, 2) negligent, or 3) too reckless would fail to trigger the criminal prohibitions of Section 641." *Id.*; *see also United States v. Suarez,* 263 F.3d 468, 477 (6th Cir. 2001) ("Where the criminal intent to steal is absent, the act is not criminal under the federal law of property crime."); *United States v. Bess*, 593 F.2d 749, 752 & n. 3 (6th Cir. 1979) (same).

Indeed, the Sixth Circuit has held that § 641—as well, for that matter, § 1001—is a specific intent crime. *United States v. Stephens-Miller*, 582 F. App'x 626, 636-38 (6th Cir. 2014) (unreported case, attached as Exhibit 1) ("Each of the crimes asserted against Defendant—[ ] theft of government property, and false statement—is, in fact, a specific intent crime."). The *Stephens-Miller* court cited *United States v. Hurt*, 527 F.3d 1347 (D.C. Cir. 2008) in holding that

"[a] person who harbors a good faith but mistaken belief that property belongs to him lacks the necessary *mens rea* for theft [under 18 U.S.C. § 641].") *Id.* at 1350–51.[1]

The cases cited by the government at the Motion hearing are not to the contrary. *United States v. Forman,* 180 F.3d 766 (6th Cir. 1999) is entirely inapposite because the court did not actually address whether intent, willfulness, or knowledge must be alleged in the indictment.[2] *United States v. Hall,* 549 F.3d 1033 (6th Cir. 2008) is similarly unhelpful. In *Hall,* the main issue on appeal was whether the funds paid to the defendant were "government property" under the statute. *Id.* at 1038-39. The case did not discuss intent or knowledge except for one sentence, with which the Defense agrees entirely: "[t]o establish [a § 641 violation], the government is required to establish a wrongful taking and carrying away of property *with the fraudulent intent* to deprive the owner of his property without his consent." *Id.* at 1040 (emphasis added).

*United States v. Willis,* 515 F.2d 798 (7th Cir. 1975), the final case cited by the government at the hearing, actually supports the Defense's argument. In *Willis*, a USPS mail handler embezzled two packages that were entrusted to her to deliver. *Id.* at 799. Defendant, post-conviction, challenged the sufficiency of her indictment for failure to expressly allege that she acted with felonious intent, as the indictment alleged only that she "unlawfully did embezzle a package." *Id.* at 799 n. 2. The court noted that the defendant's position was supported by the holding of *Denmon*, but distinguished the case from *Denmon* because (1) the fact that the

---

[1] Other circuits have held similarly. *See, e.g.*, *United States v. Scott*, 789 F.2d 795, 797 (9th Cir. 1986) ("'Guilty' intent is an element of each section 641 crime.") (citing *Morissette*, 342 U.S. at 269 n. 28).

[2] In *Forman,* a DOJ trial attorney provided a Special Agents Report to a member of the Detroit mob who was under investigation by the IRS and federal agents. The defendant was convicted at trial for criminal contempt and was acquitted of obstruction of justice. After his contempt conviction was overturned on appeal, the government then re-tried defendant, charging him with theft of government property under 18 U.S.C. § 641. Defendant moved to dismiss the new charges based on double jeopardy, estoppel, and vindictive prosecution. Most of this opinion discusses the double jeopardy claim; the only time that intent or knowledge is mentioned is in the *Blockburger* analysis of whether the elements of the charges for the first trial are contained within the new charge. There is no discussion of intent or knowledge for the purposes of the 18 U.S.C. § 641 prosecution.

defendant failed to object to the indictment pre-trial meant that the indictment should be construed liberally; and (2) the indictment alleged that the defendant "embezzled," which "implicitly describes a criminal intent." *Id.* at 800. Obviously, neither of these factors applies in the instant case—Ms. Chen has objected to the indictment pre-trial, and the government has not alleged anything in the indictment that "implicitly describes criminal intent."

The Defense has been unable to identify case law, one way or another, regarding whether the government is required to allege *in its indictment* that a § 1030(a) count was done "willfully." Nevertheless, the *Morissette* and *Denmon* line of analysis seems to apply. A review of the relevant case law does make clear—not surprisingly—that the government will have to establish for the jury that Ms. Chen *knew* that she was acting wrongfully when she accessed the NID. Even if the indictment does not need to allege "willfully," proper jury instructions must be given. The case cited by the government on the issue of the *mens rea* required for § 1030(a), *United States v. Phillips*, 477 F.3d 215 (5th Cir. 2007), actually supports Ms. Chen's position about willfulness.

In *Phillips*, a former student at the University of Texas hacked into the university's computer system and infiltrated hundreds of machines, including computers belonging to students, U.S. government agencies, and the British Armed Services web server, and stole credit card numbers, bank account information, birth records, passwords and social security numbers. *Id*. at 217. The court noted "a 'default rule' that conduct is unauthorized for § 1030 purposes 'if [the conduct alleged] is not in line with reasonable expectations of the website owner and its users.'" *Id.* at 220 (citation omitted). In the instant case, of course, Ms. Chen acted within her authorized capacity in accessing the NID. More important as it pertains to the instant case, the defendant in *Phillips* failed to object to the jury instructions provided. *Id*. at 221. Although the

4

court found that the instructions were, in fact, in error, it did not reverse only because it deemed the error harmless. *Id.* at 222. The circuit court nevertheless agreed with the defendant that the instructions, as given, did "not fully convey . . . that Phillips intentionally acted without authorization" as they in fact should have. *Id*. at 223. The instruction should have charged the government with proving that the defendant "*knew* he was unauthorized" to access the university and government databases. *Id.* (emphasis added). Thus, even if the government is not required to allege in the indictment that Ms. Chen knew she was exceeding her authorized access, proper jury instructions, nonetheless require the government to prove that Ms. Chen *knew* she was exceeding her authorized access to the NID.

**Alleged 404(b) Acts Are Not Relevant**

The government's notice of three, separate, allegedly "bad acts" fails to satisfy the standard for admissibility under Rule 404(b). The government has failed to explain how any of the three acts demonstrate that Ms. Chen knew in advance that she was not authorized to access the NID database. The 2009 event is three years prior to the access and involves conclusions of another person of what Ms. Chen should have been permitted to view. The 2013 event is more than a year after the charged conduct and involves conduct only superficially similar to the charged conduct. The government's description of this event as violative of an "office-wide directive" regarding sensitive material is refuted by the Trent Schade email in question. In addition, the incident did not involve "sensitive" or "restricted" information. Finally, even if the conversation of May 24, 2013, is considered close enough in time to be *res gestae* of the charged conduct, the government has provided no basis for classifying this conversation as a bad act. No evidence of these events is admissible under rule 404(b).

5

**Conclusion**

For all of the foregoing reasons, the Defense renews its request that the Court dismiss Counts 1, 2, and 3 of the Superseding Indictment and preclude the admission of any proffered 404(b) evidence.

Dated: February 18, 2015                                            Respectfully submitted,

/s/ Thomas E. Zeno                                                  /s/ Peter R. Zeidenberg

Thomas E. Zeno (0088870)                     Peter R. Zeidenberg, *Pro Hac Vice*
SQUIRE PATTON BOGGS (US) LLP                 ARENT FOX LLP
221 East Fourth Street, Suite 2900           1717 K Street, N.W.
Cincinnati, Ohio 45202                       Washington, D.C. 20006-5344
Telephone: (513) 361-1202                    Telephone: (202) 857-6000
Facsimile: (513) 361-1201                    Facsimile: (202) 857-6395
thomas.zeno@squirepb.com                     peter.zeidenberg@arentfox.com

*Attorneys for Defendant Xiafen "Sherry" Chen*

**CERTIFICATE OF SERVICE**

I certify that on February 18, 2015, I electronically filed the foregoing Supplemental Submission in Support of Defendant's Motion to Dismiss Superseding Indictment with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ Peter R. Zeidenberg
Peter R. Zeidenberg, *Pro Hac Vice*

*Attorney for Defendant Xiafen "Sherry" Chen*