```
                    UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                      WESTERN DIVISION AT DAYTON
```

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | No. 3:14CR149TMR |
| **Plaintiff,** | ) | MOTION FOR AN AMENDED PROTECTIVE ORDER |
| **v.** | ) | |
| **XIAFEN CHEN,** | ) | |
| **Defendant.** | ) | |

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby moves for entry of an Amended Protective Order, prescribing the manner in which defendant Xiafen Chen and her counsel must handle certain materials that will be produced to them in discovery.  Most notably, consistent with its obligation to permit the defense to "inspect and [] copy . . . objects . . . within [its] possession, custody or control [that] the government intends to use . . . in its case-in-chief at trial," the United States intends to produce, among other things: (1) a mirror image of the work computer that Ms. Chen used at the time of her alleged offense; (2) certain documents downloaded to that computer; (3) all the attachments to a June 17, 2014 e-mail from Rebecca Ragon to Andrew Lieberman (referenced in item no. 15 in the October 28, 2014 discovery letter

sent by the Government to defense counsel); and (4) certain e-mails of Xiafen Chen, the Defendant, Ray Davis, and any other NOAA employee assigned to the Wilmington, Ohio National Oceanic and Atmospheric Administration facility (collectively, "the Discovery Materials"). Because the Discovery Materials contain information that belongs to the Department of Commerce, the U.S. Army Corps of Engineers and other federal agencies, the United States seeks an order protecting this data as follows:

    1.    Defendant's counsel and Ms. Chen will not disclose the information contained in the Discovery Materials directly or indirectly to any person except: attorneys and investigators who are assisting in Ms. Chen's defense; United States citizens who the defense interviews as potential witnesses; and potential experts ("Authorized Individuals").  Upon disclosing information contained in the Discovery Materials to an Authorized Individual, Defendant's counsel and Ms. Chen must provide the Authorized Individual with a copy of the Court's Protective Order and advise the Authorized Individual that he or she will be subject to the same obligations as imposed upon defendant's counsel by the Protective Order.

    2.    Defendant's counsel shall not copy, reproduce or create a mirror image of the Discovery Materials unless copied, reproduced, or mirror imaged for Authorized Individuals to assist in the defense, and in that event, the copies, reproductions, or mirror images should be treated in the same manner as the original

Discovery Materials. Defendant's counsel shall maintain a log of any copies, reproductions, or mirror images made of the Discovery Materials and to whom they were distributed.

3. Although defendant's counsel may permit Ms. Chen to review the Discovery Materials at their respective offices, Ms. Chen may not remove from those offices: the Discovery Materials (with the specific exception of e-mails sent or received by the Defendant on her NOAA e-mail system from or to other NOAA employees); or copies, reproductions, or mirror images of the Discovery Materials, regardless of format, including, but not limited, personal notes reflecting content of the Discovery Materials.

4. Defendant's counsel and Ms. Chen may use the Discovery Materials solely in the defense of this case and for no other purpose.

5. At the conclusion of this case, defendant's counsel shall return the Discovery Materials and copies, reproductions, or mirror images thereof to the United States.

6. Defendant's counsel shall inform Ms. Chen of these prescriptions placed on the Discovery Materials, and direct her not to disclose or use any information contained in the Discovery Materials in violation of the Protective Order. However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

Counsel for the United States and the defense stipulate to the entry of this proposed amended protective order.

DATED: March 5, 2015               Respectfully submitted,

                                   CARTER M. STEWART
                                   UNITED STATES ATTORNEY

                                   s/Dwight K. Keller
                                   DWIGHT K. KELLER (0074533)
                                   BRENT G. TABACCHI (6276029 IL)
                                   Assistant United States Attorney
                                   Attorneys for Plaintiff
                                   602 Federal Building
                                   200 West Second Street
                                   Dayton, OH   45402
                                   Telephone: (937) 225-2910
                                   Fax: (937) 225-2564


CERTIFICATE OF SERVICE

    We hereby certify that a copy of the foregoing was served this 5th day of March 2015, via the Court's ECF system on defendant's counsel.

                                   s/Dwight K. Keller
                                   DWIGHT K. KELLER (0074533)
                                   Assistant United States Attorney